## Simon DeChalet Inc. v. Naponic

*Alexander Ogle,* for plaintiff.
*Thomas G. Saylor,* for defendant.

COFFROTH, *P.J.,* September 2, 1980—The question in this case is whether the 30 day period allowed for appeal from a civil judgment of a district justice is calculated from the date the judgment is rendered, or from the date notice of entry is mailed to the losing party. The case is here on plaintiff's motion to strike defendant's appeal filed on December 28, 1979, 38 days after judgment was rendered on November 20, 1979, and 28 days after notice of rendition was mailed on November 30,

1979. We conclude that the appeal was timely filed and therefore deny the motion to strike.[1]

Pa.R.C.P.J.P. 1002 fixes the time and method for taking an appeal from a judgment of a district justice, and provides as follows: "A party aggrieved by a judgment may appeal therefrom within thirty (30) days after the date of the judgment by filing with the prothonotary of the court of common pleas a notice of appeal on a form which shall be prescribed by the State Court Administrator."

That rule reflects the amendment of April 25, 1979 changing the prior 20 day appeal period to 30 days in order to conform to Judicial Code, 42 Pa.C.S.A. §5571(b) which provides as follows: "Except as otherwise provided in subsections (a) and (c), an appeal from a tribunal or other government unit to a court or from a court to an appellate court must be commenced within 30 days after the entry of the order from which the appeal is taken, in the case of an interlocutory or final order."

Subsections (a) and (c) are inapplicable. See Somerset Mack Sales and Service Inc. v. Miller, 35 Somerset 135, 136 note [2] (1978); compare Mayak v. Jonnet (No. 2), 39 Somerset 1 (1979), arbitration appeal period also increased from 20 to 30 days.

---

1. Actually plaintiff filed a praecipe to strike the appeal, addressed to the prothonotary under Pa.R.C.P.J.P. 1006 which provides as follows: "Upon failure of the appellant to comply with Rule 1004A or Rule 1005B, the prothonotary shall, upon praecipe of the appellee, mark the appeal stricken from the record. The court of common pleas may reinstate the appeal upon good cause shown." Pa.R.C.P.J.P. 1004A (fixing the time for filing the complaint by claimant after taking his appeal) and Pa.R.C.P.J.P. 1005B (fixing the time for filing proof of service) are not involved in the instant case; accordingly, the prothonotary properly declined to act under Pa.R.C.P.J.P. 1006 supra. We treat the praecipe as a motion to strike, addressed to the court.

We focus on a noticeable difference between Pa.R.C.P.J.P. 1002 supra and Judicial Code, 42 Pa.C.S.A. §5571(b) supra: the former fixes the appeal period at 30 days "after the date of the judgment," whereas the Code fixes the appeal period at 30 days "after the entry of the order from which the appeal is taken." The JP rules do not define the phrase "date of the judgment"; case law has defined it as the date of "entry of the judgment," without making clear whether "entry" means the date of entry in the record of the district justice or the date of mailing notice thereof, but suggesting or indicating the latter. See Somerset Mack Sales and Service Inc., v. Miller, supra, 136 note [2] and cases therein cited. The Judicial Code is more specific in section 5572 thereof which defines date of entry as follows: "The date of service of an order of a government unit, which shall be the date of mailing if service is by mail, shall be deemed to be the date of entry of the order for the purposes of this subchapter. The date of entry of an order of a court or district justice may be specified by general rules."[2]

That section clearly opts for date of mailing where service is by mail; a "government unit" within the meaning of the above section is defined in section 102 as: "The General Assembly and its officers and agencies, and any government agency or any court or other officer or agency of the unified judicial system," which includes district justices as provided in section 301(9).

There is no real conflict between Pa.R.C.P.J.P. 1002 and Judicial Code section 5571(b), both supra; but if there should be, the code governs. Although the amendment of Rule 1002 was

---

2. No general rules have been promulgated defining date of entry. As to meaning of "general rules" see Mayak v. Jonnet (No. 2), supra.

adopted subsequent to enactment of the code and would ordinarily automatically suspend the code to the extent of inconsistency under Art. 5, §10(c), of the Pa. Const., Pa.R.C.P.J.P. (4) expressly saves code section 5571(b) from suspension. Moreover, the date-of-mailing rule is the fairest one, as the facts of this case show, where notice of judgment was mailed ten days after the judgment was rendered. Compare Santangelo v. Osselburn, 40 Somerset 49 (1980), exceptions to equity decree nisi.

## ORDER

Now, September 2, 1980, plaintiff's motion to strike defendant's appeal is denied. The case shall be scheduled by the court administrator for arbitration trial sec. reg.